**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

LINDA OLIVER,           )
                       )
     Plaintiff,         )
                       )
       v.           )
                       )     C.A. No. N21C-10-077 CLS
ALAN F. GALERMAN,    )
                       )
     Defendant.     )
                       )
                       )
                       )

Date Submitted: December 14, 2021
Date Decided: January 31, 2022

*Upon Defendant's Motion to Dismiss*. **GRANTED.**

## ORDER

Linda Oliver, *Pro Se*, Plaintiff.

Aaron E. Moore, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware, 19899, Attorney for Defendant, Alan F. Galerman.

**SCOTT, J.**

1

On this 31st day of January and upon consideration of Defendant Alan F. Galerman's ("Mr. Galerman") Motion to Dismiss, the Court finds:

1. On October 12, 2021, Plaintiff Linda Oliver ("Ms. Oliver") filed a *pro se* Complaint against Mr. Galerman alleging a legal malpractice action. The entirety of the Complaint provided:

> This is a Complaint to Alan F. Galerman. I Linda Oliver, Plaintiff trusted Alan F. Galerman with my case, which he had since July 1, 2020. I have [sic] been injured on 11-12- 19. Mr. Galerman obtained my case for my injury. I have been under care for 2 years. The defendant held my case up until September 2021, and I found that Mr. Galerman was negligence [sic] by dropping my case three months before the statute of limitations was up. And now at this time, I am unable to obtain a lawyer. This is a complaint of malpractice. My injuries are lifetime. So I ask the Courts to grant me the sum of 2 hundred thousand dollars.

2. On November 19, 2021, Mr. Galerman moved to dismiss Ms. Oliver's Complaint for lack of personal jurisdiction pursuant to Del.Super. Ct. R. 12(b)(2), based on Delaware's long-arm statute, 10 Del. C. § 3104, and for failure to state a claim in which relief could be brought pursuant to Del.Super. Ct. R. 12(b)(6).

3. On December 1, 2021, the Court sent a letter notifying Ms. Oliver that the Court was in receipt of Mr. Galerman's Motion to Dismiss her Complaint and set a deadline for response. Within the deadline for response, Ms. Oliver responded. Her response in its entirety read:

2

I Linda Oliver Plaintiff, ask that you do not dismiss this case, on my behalf. I understand, that Mr. Galerman dose not Practice in the state of Delaware, but he was aware of this when he took on my case I feel, that I should have been informed before this three month before the Statute of Limitation was up, and it was difficult to find a Lawyer at that time. So I am asking you Judge Not to dismiss my case.

Thank you

Linda Oliver Plaintiff

4. In Mr. Galerman's Motion to Dismiss, he contends the Complaint should be dismissed because the Court lacks personal jurisdiction over Mr. Galerman pursuant to Superior Court Civil Rule 12(b)(2) and based on Delaware's long-arm statute. Attached to Mr. Galerman's Motion is an affidavit from Mr. Galerman explaining he is Pennsylvania attorney who works in Philadelphia, PA and he was retained by Ms. Oliver for a civil action arising out of injuries she sustained at her workplace at the University of Pennsylvania, located in Philadelphia, PA. Mr. Galerman maintains he does not practice law in Delaware, he is not licensed to do so, and all of his dealings with Ms. Oliver occurred in Pennsylvania.

5. On a motion to dismiss for lack of in personam jurisdiction, the plaintiff bears the burden to make a prima facie showing that the defendant is amenable to the jurisdiction of a Delaware court, pursuant to Delaware's long-arm statute.[1] The Court must accept the plaintiff's allegations as true and draw all

---

[1] *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1154 (Del.Super.1997).

3

reasonable inferences in favor of the plaintiff.[2] Additionally, the Court is not limited to the pleadings and may consider affidavits, briefs, and the results of discovery.[3] The Court's first inquiry is whether the long-arm statute confers jurisdiction. Then, if the statute applies, the Court determines whether the exercise of jurisdiction is in accord with due process.[4] Due process requires the Court to determine whether defendant has minimum contacts with the forum state, and whether asserting personal jurisdiction comports with "traditional notions of fair play and substantial justice."[5]

6. Delaware's long-arm statute lists six circumstances under which any nonresident or personal representative thereof, who in person or through an agent, is considered amenable to the jurisdiction of Delaware courts.[6] The statute is "broadly construed to confer jurisdiction to the maximum extent possible under the due process clause."[7] Ms. Oliver alleges a legal malpractice claim against Mr. Galerman based on representation which

---

[2] *Id.* at 1155; *Aeroglobal Capital Management, LLC v. Cirrus Indus., Inc.*, 2003 WL 77007, *3 (Del.Super.).
[3] *Hartsel v. Vanguard Group, Inc.*, 2011 WL 2421003, *7 (Del. Ch.) *aff'd*, 38 A.3d 1254 (Del.2012) *cert. denied*, 133 S.Ct. 32 (2012).
[4] *Id.*
[5] *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Boone*, 724 at 1158.
[6] 10 Del. C. §§ 3104(b) and 3014(c).
[7] *Aeroglobal Capital Management*, 2003 WL 77007 at *4.

occurred in Pennsylvania as well as the accident giving rise to representation arising out of Pennsylvania. Mr. Galerman is not a Delaware attorney, nor is he a Delaware resident. With these factors in mind, the Court finds none of the six circumstances which would allow this Court to exercise jurisdiction under Delaware's long-arm statute to be satisfied. Therefore, this Court does not have personal jurisdiction over Mr. Galerman and the instant case must be dismissed.

7. Additionally, Mr. Galerman contends the Complaint should be dismissed for failure to state a claim in which relief could be sought pursuant to Superior Court Civil Rule 12(b)(6) as Ms. Oliver does not allege facts to give rise to a legal malpractice action.

8. This Court's standard of review on a motion to dismiss is well-settled. The plaintiff's burden to survive dismissal is low.[8] The Court must accept all well-pled allegations as true.[9] The motion will be denied when the plaintiff is able to prove any facts entitling him to relief.[10] "Delaware is a notice pleading jurisdiction and the complaint need only give general notice as to the nature

---

[8] *Doe v. Cahill*, 884 A.2d 451, 458 (Del.2005).
[9] *Loveman v. Nusmile, Inc.*, 2009 WL 847655, at *2 (Del.Super.Mar.31, 2009) (*citing Anglo Am. Sec. Fund, L.P. v. S.R. Global Intern. Fund, L.P.*, 829 A.2d 143, 148–49 (Del. Ch.2003)).
[10] *Spence v. Funk*, 396 A.2d 967, 968 (Del.1978) (citations omitted).

of the claim asserted against the defendant in order to avoid dismissal for failure to state a claim."[11] Even if an allegation is "vague or lacking in detail, [it] is nevertheless 'well-pleaded' if it puts the opposing party on notice of the claim being brought against it."[12] If a complaint gives sufficient notice, the burden then shifts to the defendant to "determine the details of the cause of action by way of discovery for the purpose of raising legal defenses ."[13] The motion will be granted "only where it appears with reasonable certainty that the plaintiff could not prove any set of facts that would entitle him to relief."[14] Additionally, when appropriate, this Court will hold a pro se plaintiff's complaint to a less demanding standard of review than an attorney's complaint.[15] The same rules, however, still apply to a *pro se* Plaintiff; this Court will accommodate them only to the extent that the substantive rights of the opposing party are not affected.[16]

9. For a plaintiff to state a claim for legal malpractice, she must allege "(a) the employment of the lawyer, (b) the lawyer's neglect of a professional

---

[11] *Nye v. Univ. of Delaware*, 2003 WL 22176412, at *3 (Del.Super.Sept.17, 2003).
[12] *Precision Air, Inc. v. Standard Chlorine of Del., Inc.*, 654 A.2d 403, 406 (Del.1995).
[13] *Klein v. Sunbeam Corp.*, 94 A.2d 385, 391 (Del.1952).
[14] *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del.1998) (*citing Spence*, 396 A.2d at 968).
[15] *Anderson v. Tingle*, 2011 WL 3654531, at * 1 (Del.Super.Aug.15, 2011).
[16] *Id.*

obligation, and (c) resulting loss."[17]  To show a resulting loss, the plaintiff must show the underlying suit would have been successful but for the negligence of the lawyer.[18]  Here, Ms. Oliver only alleges she retained Mr. Galerman as counsel.  From a reading of the Complaint, it does not allege facts to Mr. Galerman's negligence, nor does it suggest the underlying suit would have been successful but for Mr. Galerman's negligence.  She only alleges, as Mr. Galerman agrees, Mr. Galerman dropped her case three months before the statute of limitations. In viewing the facts in the light most favorable to Ms. Oliver, there was no factual or legal basis upon which a trier of fact could conclude that there was professional negligence on the part of Mr. Galerman or that Ms. Oliver's claim would have been successful but for Mr. Galerman conduct.  Because Ms. Oliver failed to state a claim of which relief could be sought, this case must be dismissed.

10. For the foregoing reasons, the Defendant's Motion to Dismiss is **GRANTED** with prejudice.

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

---

[17] *Tarrant v Rammunno*, 171 A.3d 138 (Del. 2017).
[18] *Id.*

7